## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRAVELERS PERSONAL SECURITY INSURANCE COMPANY,** )<br><br>**One Tower Square**<br>**Hartford, Connecticut 06813**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JEROME LEWIS**<br><br>**Serve:  DC Dept. of Corrections**<br>**1901 D Street, S.E.**<br>**Washington, D.C. 20003**<br><br>**and**<br><br>**SARAH JENKINS, INDIVIDUALLY AND AS LEGAL REPRESENTATIVE OF THE ESTATE OF S.J.**<br><br>**Serve:  1407 Southern Avenue**<br>**Apt. 302**<br>**Oxon Hill, MD 20745**<br><br>**Defendants.** | **Civil Action No.: _____** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Travelers Personal Security Insurance Company ("Travelers"), by counsel, states as follows as its Complaint for Declaratory Judgment against Defendants Jerome Lewis and Sarah Jenkins.

## I.  Parties

1.     Plaintiff Travelers is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Connecticut.  At all times relevant hereto, Travelers was licensed to conduct the business of insurance in the District of Columbia.

2.     Defendant Jerome Lewis is an individual currently incarcerated in the District of Columbia.  Mr. Lewis is, and has been at all times relevant hereto, domiciled in the District of Columbia.

3.     Defendant Sarah Jenkins is an individual currently domiciled in the State of Maryland.  At the time of the events giving rise to this action, Ms. Jenkins was domiciled in the District of Columbia.  Ms. Jenkins is also the legal representative of the estate of S.J., a deceased minor child.  At the time of her death, S.J. was domiciled in the District of Columbia.

## II.  Jurisdiction and Venue

4.     This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff Travelers and Defendants Lewis and Jenkins, and the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## III.  Facts

**The Underlying Lawsuit**

7.     On February 18, 2015, the lawsuit styled *Sarah Jenkins, Individually, and as Legal Representative of S.J. v. Jerome Lewis*, Case No. 15-0001044, was filed in the Superior Court of the District of Columbia, Civil Division (the "Liability Suit").  A true and accurate copy of the Complaint filed in the Liability Suit is attached hereto as Exhibit A.  The Liability Suit asserts counts for Negligence, Wrongful Death, and Survival arising out of a fire at the residence located at 2616 33rd Street, SE, Washington, D.C., 20020 (the "33rd Street Property").

8.     Pertinent to this declaratory judgment action, the Liability Suit Complaint alleges that Mr. Lewis "had an insurable ownership interest in the real property located at 2616 33rd Street, SE, Washington, D.C., 20020 [the 33rd Street Property]."  The Liability Suit Complaint further alleges that "Defendant lived at the aforementioned SE real property.  Defendant resided in the basement of the property, while leasing the 1st and 2nd floors to [Ms. Jenkins and her family members.]"

9.     As stated in the Liability Suit Complaint, Ms. Jenkins "was a residential tenant of the aforementioned SE real property owned by Defendant.  Plaintiff, her two children (Decedent female and surviving male), Plaintiff's mother, Plaintiff's father and Plaintiff's sister also lived at said property.  Plaintiff paid rent to Defendant for the use of the property."

10.     The Liability Suit Complaint asserts that on or about February 17, 2013, a fire occurred at the 33rd Street Property which resulted in physical injuries to Ms. Jenkins, and caused the death of her minor child, S.J.

11.     The Liability Suit Complaint alleges that "[a]s the owner and landlord of the SE real property, Defendant had a duty to make all reasonable repairs and ensure the dwelling met all District of Columbia Property Maintenance Codes", including ensuring that smoke alarms be installed at certain places throughout the 33rd Street Property.  The Liability Suit Complaint

further alleges that the 33rd Street Property only had one smoke detector in the property, and "[t]he installation of only one detector, even if operational, in a multi level structure, in this case a three story dwelling (including basement) would not meet the purpose of the District of Columbia code requirement to provide the early notification for occupants on all levels to escape before injury or death."

12.     As alleged in the Liability Suit Complaint, "Defendant's negligence and breach of the above-delineated duties was the sole and proximate cause of the pain and suffering of Plaintiff and Decedent.  The Decedent suffered immense physical pain and an abrupt ending to her life due to the negligence of Defendant.  In addition, Plaintiff suffered physical injuries and was left in severe mental anguish at the death of Decedent."

13.     The Liability Suit Complaint further states that Ms. Jenkins, individually and as legal representative of S.J., seeks damages from Mr. Lewis in the amount of eight million dollars ($8,000,000.00).

**The Policies**

14.     Pertinent to this declaratory judgment action, Travelers issued the following insurance policies to Mr. Lewis:

> a.     Homeowners Policy No. 982615753 633 1, effective February 27, 2012 to February 27, 2013, was issued to Mamie R & Jerome Lewis (as the named insured), and listed 2616 33rd Street SE, Washington, DC 20020 as the Residence Premises (the "33rd Street Policy").  A true and accurate copy of the 33rd Street Policy is attached hereto as Exhibit B.  Upon information and belief, Mamie R. Lewis is deceased.

> b.     Homeowners Policy No. 984677021 633 1, effective April 16, 2012 to April 16, 2013, was issued to Jerome Lewis (as the named insured), and listed 4824 B St. SE, Washington, DC 20019-5134 (the "B Street Property") as the Residence Premises (the "B Street Policy").  A true and accurate copy of the B Street Policy is attached hereto as Exhibit C.

15.     As relevant to this action, both the 33rd Street Policy and the B Street Policy contain the following insuring agreement:

---

## SECTION II – LIABILITY COVERAGES

---

### COVERAGE E – PERSONAL LIABILITY

If a claim is made or a suit is brought against an 'insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1.      Pay up to our limit of liability for the damages for which an "insured" is legally liable.  Damages include prejudgment interest awarded against an "insured"; and

2.      Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent.  We may investigate and settle any claim or suit that we decide is appropriate.  Our duty to settle or defend ends when our limit of liability for the "occurrence" is exhausted by the payment of a judgment or settlement.

HO-3 (10-06), p. 17 of 25.

16.     As relevant to this action, both the 33rd Street Policy and the B Street Policy contain the following exclusions which are applicable to Section II – Liability Coverage:

---

## SECTION II - EXCLUSIONS

---

**A.      Coverage E – Personal Liability and Coverage F – Medical Payments to Others.**

Coverages E and F do not apply to "bodily injury" or "property damage":
                                        ***
2.      Arising out of or in connection with a "business" conducted from an "insured location" or engaged in by an "insured", whether or not the "business" is owned or operated by an "insured" or employs an "insured". This exclusion **A.2.** applies to, but is not limited to, an act or omission, regardless of its nature or circumstance, involving a service or duty rendered promised, owed, or implied to be provided because of the nature of the "business".

This exclusion **A.2.** does not apply to:

a.      The rental or holding for rental of an "insured location";

(1)    On an occasional basis if used only as a residence;

(2)    In part for use only as a residence, unless a single family unit is intended for use by the occupying family to lodge more than two roomers or boarders;

(3)    In part, as an office, school, studio or private garage;

(4)    Shown in the Declarations as an ADDITIONAL RESIDENCE RENTED TO OTHERS;

(5)    Shown in the Declarations as a STRUCTURE RENTED TO OTHERS.

b.    An "insured" under the age of 21 years involved in a part-time or occasional, self-employed "business" with no employees; or

c.    One or more activities for which no "insured" receives more than $2,000 in total compensation for the consecutive 12 months before an "occurrence";

\*\*\*

4.    Arising out of a premises:

a.    Owned by an "insured";

b.    Rented to an "insured"; or

c.    Rented to others by an "insured"

that is not an "insured location".

HO-3 (10-06), p. 19 of 25.

17.    Both the 33rd Street Policy and the B Street Policy also contain the following definitions which are applicable to all coverages:

---

### DEFINITIONS

In this policy, "you" and "your" refer to the named "insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us" and "our" refer to the company providing this insurance. In addition, certain words and phrases are defined as follows:

\*\*\*

3.    "Business" means:

a.    A trade, profession or occupation engaged in on a full-time, part-time or occasional basis; or

b.    Any other activity engaged in for money or other compensation, except the following:

(1)    Volunteer activities for which no money is received other than payment for expenses incurred to perform the activity;

(2)    Providing home day care services for which no compensation is received, other than the mutual exchange of such services; or

(3)    Providing home day care services to a relative of an "insured".

\*\*\*

8.    "Insured location" means:

a.    The "residence premises";

b.    The part of other premises, other structures and grounds used by you as a residence and:

(1)    Which is shown in the Declarations; or

(2)    Which is acquired by you during the policy period for your use as a residence;

c.    Any premises used by you in connection with a premises described in **a.** and **b.** above;

d.    Any part of a premises:

(1)    Not owned by an "insured"; and

(2)    Where an "insured" is temporarily residing;

e.    Vacant land, other than farm land, owned by or rented an "insured";

f.    Land owned by or rented to an "insured" on which a one or two family dwelling is being built as a residence for an "insured";

g.    Individual or family cemetery plots or burial vaults of an "insured";

h.    Any part of a premises occasionally rented to an "insured" for other than "business" use;

i.    Any premises owned by you and rented to others for use as a residence by not more than four families, if shown in the Declarations as an ADDITIONAL RESIDENCE RENTED TO OTHERS; or

j.    Any other structure on the "residence premises" rented to others as a private residence for which a limit of liability is shown in the Declarations for STRUCTURES RENTED TO OTHERS.

\*\*\*

7

13.     "Residence premises" means:

  a.      The one family dwelling where you reside; or

  b.      The two, three or four family dwelling where you reside in at least
          one of the family units;

and which is shown as the "residence premises" in the Declarations.

"Residence premises" also includes other structures and grounds at that
location.

HO-3 (10-06), pp. 1-3 of 25.

18.     The declarations of 33rd Street Policy list only the 33rd Street Property as the Residence Premises.  Likewise, the declarations of the B Street Policy list only the B Street Property as the Residence Premises.  Moreover, neither the declarations of the 33rd Street Policy nor the declarations of the B Street Policy list any additional residences rented to others or structures rented to others.

## IV.     Count I – Declaratory Judgment

19.     An actual controversy exists between Travelers, Mr. Lewis, and Ms. Jenkins concerning whether Travelers owes Mr. Lewis a duty to defend him against the Liability Suit under the 33rd Street Policy and/or the B Street Policy.  There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

20.     Travelers seeks a declaration pursuant to 28 U.S.C. § 2201 and 2202 that Travelers has no obligation to provide Mr. Lewis with a defense against the Liability Suit under the 33rd Street Policy, the B Street Policy, or otherwise.

21.     Travelers is entitled to this declaratory judgment:

        (A)     Because, with respect to the 33rd Street Policy, Exclusion A.2. precludes a duty to defend Mr. Lewis against the Liability Suit under the 33rd Street Policy; and

(B)     Because with respect to the B Street Policy, Exclusions A.2. and A.4.

preclude a duty to defend Mr. Lewis against the Liability Suit under the B Street Policy.

WHEREFORE, Travelers respectfully requests that this Court:

1.     Declare that Travelers has no obligation to defend Mr. Lewis in connection with

the Liability Suit under the 33rd Street Policy, the B Street Policy, or otherwise; and

2.     Award such other and further relief as this Court deems just and proper.

**TRAVELERS PERSONAL SECURITY
INSURANCE COMPANY**


**By:** _____/s/_____

John B. Mumford, Jr. (DCB No.: 1027364)
Lindsay R. Lankford (DCB No.: 1024473)
Hancock, Daniel, Johnson & Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hdjn.com
llankford@hdjn.com
Phone:  (804) 967-9604
Fax:  (804) 967-9888
*Counsel for Travelers Personal Security Insurance Company*